Matter of Nayci Contr. Assoc., LLC v New York City Dept. of Consumer Affairs (2019 NY Slip Op 01543)





Matter of Nayci Contr. Assoc., LLC v New York City Dept. of Consumer Affairs


2019 NY Slip Op 01543


Decided on March 5, 2019


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on March 5, 2019

Sweeny, J.P., Renwick, Gische, Kahn, Kern, JJ.


8605 106851/10

[*1]In re Nayci Contracting Associates, LLC, et al., Petitioners,
v
New York City Department of Consumer Affairs, et al., Respondents.


Wurzel Law Group, PLLC, Floral Park (Glenn J. Wurzel of counsel), for petitioners.
Zachary W. Carter, Corporation Counsel, New York (Jamison Davies of counsel), New York City Department of Consumer Affairs, respondent.
Janet Ricevuto, respondent pro se.



Proceeding brought pursuant to CPLR article 78 (transferred to this Court by order, Supreme Court, New York County [O. Peter Sherwood, J.], entered May 12, 2011), to annul the decision and order of respondent Department of Consumer Affairs, dated December 23, 2009, which suspended petitioners' contractors' licenses, imposed fines, and ordered petitioners to pay restitution to respondent Ricevuto, unanimously dismissed, without costs.
The rules of the Department of Consumer Affairs (DCA) in effect with respect to the instant proceeding provided that an administrative appeal from a decision and order imposing a fine and ordering restitution would be denied if the appealing party did not timely deposit with DCA the amount of the fine and restitution (see former 6 RCNY 6-40[a][2]). The rules provided further that judicial review of a final decision and order could be sought pursuant to CPLR article 78 "[a]fter exhaustion of the procedure set forth in § 6-40" (former 6 RCNY 6-41). Petitioners did not timely deposit with DCA the amount of the fine imposed and restitution ordered in the challenged decision and order. Thus, they failed to exhaust their administrative remedies, and their article 78 petition must be dismissed (see e.g. Matter of Rhone v New York City Dept. of Consumer Affairs, 2011 NY Slip Op 30277[U] [Sup Ct, NY County 2011]; Matter of Gambino v New York City Dept. of Consumer Affairs, 26 Misc 3d 1221[A], 2010 NY Slip Op 50206[U] [Sup Ct, NY County 2010]; see also Watergate II Apts. v Buffalo Sewer Auth., 46 NY2d 52, 57 [1978]).
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: MARCH 5, 2019
CLERK